IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
**HONORABLE A. BRUCE CAMPBELL**

| | |
|---|---|
| In re: | ) |
| | ) |
| JONATHAN CHASTEN MILLER | ) Case No. 10-41308 ABC |
| SSN:XXX-XX-1169 | ) Chapter 7 |
| BETH AMY MILLER | ) |
| SSN: XXX-XX-8853 | ) |
| | ) |
| Debtors. | ) |

**ORDER DENYING DEBTORS' CLAIM OF EXEMPTION**

Before the Court is the Trustee's Objection to Debtors' Claim of Exemption ("Objection") and Debtors' Response ("Response"). The Court convened a hearing on the Trustee's Objection and Debtors' Response. At issue is the Debtors' claim of an exemption in a "domain name"[1] as a tool of the trade under the Colorado exemption statute, C.R.S. 13-54-102(1)(i). [2] The Court will refer to the applicable exemption statute throughout this opinion as the "tool of the trade" exemption.

The Trustee challenges Debtors' claim in the domain name as a "tool of the trade." The Trustee contends that the "tool of the trade" exemption is for tangible physical things, not something intangible like a domain name. Debtors, on the other hand, argue for liberal interpretation of the "tool of the trade" exemption statute and assert that the domain name at

---

[1] 15 U.S.C.§1127 defines domain name as: "any alphanumeric designation which is registered with or assigned by any domain name registrar, domain name registry, or other domain name registration authority as part of an electronic address on the Internet." The sections of the United States Code intended to protect trademark holders from fraud and deceptive trade practices, was modified in 1999 to enact the "Anticybersquatting Consumer Protection Act," 15 U.S.C. §1125, et seq. That legislation endeavors to protect trademark holders on the internet. *Network Solutions, Inc. v. Umbro International, Inc., et al*, 259 Va. 759, 770 n12, 529 S.E. 2nd 80, 86 ( 2000).

[2] The applicable provision of the Colorado exemption statute reads as follows:

(i) The stock in trade, supplies, fixtures, maps, machines, tools, electronics, equipment, books, and business materials of any debtor used and kept for the purpose of carrying on any gainful occupation in the aggregate value of twenty thousand dollars; except that exempt property described in this paragraph (i) may not also be claimed as exempt pursuant to paragraph (j) of this subsection (1);

issue falls within the term "business materials" albeit in electronic or digital form. The Court set a briefing schedule and the parties have filed briefs on their respective positions on the issues before the Court.

The facts which form the basis for the decision before the Court are essentially undisputed.  When Debtors filed their case, they listed on their Schedule B: "Reunited.com domain name" ("Reunited.com Domain Name").   Debtors valued that interest at $10,000.   The also listed stock in an entity named "Reunited, Inc."  Debtors valued that interest at zero.

On their Schedule C, Debtors claimed a $10,000 exemption in the Reunited.com Domain Name as a tool of the trade.

Debtors contend, and the Trustee does not dispute, that Debtors were the incorporators and sole shareholders of Reunited, Inc. ("Reunited").  Reunited is in the business of planning and organizing high school class reunions.  Reunited has a website which it uses to work with high school reunion committees to plan and organize reunions.  The Reunited.com Domain Name, "reunited.com," is what someone trying to access Reunited's website could type in a web browser to access Reunited's website.

Throughout their brief Debtors detail the nature of the Reunited.com Domain Name as the address to a website which is of particular value to Reunited.  Specifically, Debtors state:

> The Debtors' domain name is used by Reunited, Inc. and is an integral part of Reunited, Inc.'s business operations. Debtors' Reply Brief, Docket #49, ¶10 at page 2.

> By clicking on Reunited.com, it is clear that the domain name owned by the Debtors and used in their business is both a tool and business material, which are essential to Reunited, Inc. . .  Perhaps most important to Reunited, Inc., the domain name provides the company's alumni with 24 hour access to reunion information as well as a perpetual link to every single member of such alumni's class. . . . Debtors' Reply Brief Docket #49, ¶12  at page 3.

> The domain name is essential for the Debtors to continue to operate their business from which they make their living. Debtors' Reply Brief Docket #49, ¶14 at page 4.

The parties focus their arguments on the fact that a domain name is an intangible and whether the litany of items listed in C.R.S. §13-54-102(1)(i) includes intangibles or whether the Colorado legislature intended the exemption to cover only tangible property kept and used for a debtor's livelihood.  While that presents an interesting and challenging question, this Court need not answer it.   Whether tangible or intangible, the threshold question is whether the Debtors can

claim an exemption in property which they own, but which has been "kept and used" not by them, but by a separate legal entity, a corporation, albeit one owned solely by them.

This Court answers that question in the negative.  Whatever the nature of Debtors' interest in the domain name, that domain name provides access to a website which Debtors have acknowledged is critical to *the corporation's* business.  While the Debtors may have been the sole shareholders of that corporation prior to filing their Chapter 7 case, upon the filing of the petition, those shares, along with the domain name, became property of the estate.  A domain name "used and kept" as "an integral part" of the corporation's business cannot now be exempted, at the expense of the creditors of this bankruptcy estate, for the benefit of debtors who did not use it themselves. Debtors cannot ignore the corporate entity which they created to conduct business when it is convenient to do so. Accordingly, it is

ORDERED that the Trustee's Objection to Claim of Exemption is SUSTAINED; and it is

FURTHER ORDERED that Debtors' claim of exemption in the domain name, "reunited.com" is DENIED.

DATED:        September 8, 2011          BY THE COURT:


_____
A. Bruce Campbell
United States Bankruptcy Judge

-3-